John CARILLO, Plaintiff,

v.

Larry DuBOIS, et al., Defendant

No. CIV.A.97–10468–RCL.

United States District Court,
D. Massachusetts.

Feb. 12, 1999.

*MEMORANDUM ORDER ON MOTION
OF DEFENDANT LARRY E. DuBOIS
FOR RECONSIDERATION*

LINDSAY, District Judge.

On September 10, 1998, the court issued a memorandum and order on a motion of the defendant, Commissioner of Corrections Larry DuBois (the "Commissioner"), to dismiss the complaint for failure to state a claim. *Carillo v. DuBois,* 23 F.Supp.2d 103 (D.Mass.1998) (*"Carillo I"*). In *Carillo I,* the court granted the motion insofar as the motion was directed to the plaintiff's claims under 42 U.S.C. § 1983 for damages against the Commissioner in his official capacity. The motion was denied insofar as it was directed to the plaintiff's equal protection and due process claims. *Carillo I* went on to determine, however, that the plaintiff's equal protection and due process rights had been violated by the Commissioner.

The Commissioner has filed a motion for reconsideration of the determination that he has violated the plaintiff's rights to equal protection and due process. He argues that he did not have an opportunity, in *Carillo I,* to address the merits of the equal protection and due process claims before the court ruled on the merits of those claims. The court agrees with the Commissioner: the Commissioner was not given an opportunity to address the merits of the plaintiff's constitutional claims before the court's ruling. The Commissioner's motion to dismiss— which provided the occasion for the court's ruling on the constitutional claims in *Carillo I*— was based solely on the Commissioner's claim that no action for damages lies against him in his official capacity under § 1983. No motion was then before the court that required the court to determine the validity of the plaintiff's constitutional claims. The rulings in *Carillo I,* therefore, were premature and improvident to the extent that they purported to determine the merits of the plaintiff's constitutional claims.

Accordingly, the orders in *Carillo I* are vacated insofar as they address the merits of the plaintiff's constitutional claims. The orders in *Carillo I* will stand, however, insofar as they granted the motion to dismiss the plaintiff's claims for damages. Those orders will also stand to the extent that they deny the motion to dismiss the plaintiff's claims for injunctive relief based upon the plaintiff's constitutional claims.

The request in the motion for reconsideration for a judgment in favor of the Commissioner is denied, because the motion for reconsideration and the plaintiff's response to the motion demonstrate that the factual underpinnings of the plaintiff's constitutional claims are disputed and may be resolved only in the context of an evidentiary proceeding.

SO ORDERED.