Joseph McMANUS, Plaintiff, Appellant,

v.

Ashbel T. WALL, et al., Defendants, Appellees.

No. 01–2415.

United States Court of Appeals, First Circuit.

March 8, 2002.

Joseph McManus, on brief pro se.

Michael B. Grant, Deputy Chief Legal Counsel, on Motion for Summary Disposition for appellees.

Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and LYNCH, Circuit Judge.

PER CURIAM.

Rhode Island state prisoner Joseph McManus appeals from the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his civil rights complaint, 42 U.S.C. § 1983. The appellees have moved for summary disposition of McManus's appeal pursuant to Local Rule 27(c).

Under the version of the Rhode Island statute applicable at the time he filed his section 1983 complaint, McManus appears to have been exempted from the normal three-year limitations period applicable to personal injury actions because he was imprisoned at the time this cause of action accrued. *See* R.I. Gen. Laws §§ 9–1–14 and 9–1–19 (version prior to July 13, 2001). Consequently, we do not rely on the district court's statute-of-limitations rationale with respect to McManus's complaints about confiscation of legal materials and

personal property. However, as McManus has not contended that he was unrepresented by counsel and has not explained how the confiscation interfered with his access to the courts, McManus's complaint fails to state a valid cause of action for denial of access to the courts. *See Cepulonis v. Fair,* 732 F.2d 1, 6 (1st. Cir.1984). Nor does his assertion state a claim for a Fourth Amendment violation since he has not shown that remedies are unavailable to him, either administratively or in the state court. *See Hudson v. Palmer,* 468 U.S. 517, 522–30, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The district court's judgment as to these claims is AFFIRMED on these alternate grounds. *See Olsen v. Correiro,* 189 F.3d 52, 57–58 (1st Cir.1999).

McManus's remaining challenges on appeal also are without merit. Rhode Island has not created a protected liberty interest in its prison classification system. *See Carillo v. DuBois,* 23 F.Supp.2d 103, 107 (D.Mass.1998), *vacated in part on other grounds,* 32 F.Supp.2d 35 (D.Mass.1999). McManus's challenge to his prison classification thus does not rise to a constitutional level. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Nor has McManus shown that the district court abused its discretion by denying his motions to compel discovery of his medical records and his motion to file an amended complaint to extend the time during which he alleged he was subjected to an improper prison classification. *See Walton v. Nalco Chemical Co.,* 272 F.3d 13, 19 (1st Cir.2001); *Ayala–Gerena v. Bristol Myers–Squibb Co.,* 95 F.3d 86, 91 (1st Cir.1996).

*AFFIRMED.*