USCA1 Opinion

 

[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

United States Court of Appeals

For the First Circuit

No. 01-2415

JOSEPH MCMANUS,

Plaintiff, Appellant,

v.

ASHBEL T. WALL, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

 Selya, Circuit Judge,

Campbell, Senior Circuit Judge,

and Lynch, Circuit Judge.

 Joseph McManus on brief pro se.

 Michael B. Grant, Deputy Chief Legal Counsel, on Motion for
Summary Disposition for appellees.

March 8, 2002

 Per Curiam. Rhode Island state prisoner Joseph McManus
appeals from the district court's dismissal pursuant to Fed. R.
Civ. P. 12(b)(6) of his civil rights complaint, 42 U.S.C. § 1983. 
The appellees have moved for summary disposition of McManus's
appeal pursuant to Local Rule 27(c). 

 Under the version of the Rhode Island statute applicable
at the time he filed his section 1983 complaint, McManus appears
to have been exempted from the normal three-year limitations period
applicable to personal injury actions because he was imprisoned at
the time this cause of action accrued. See R. I. Gen. Laws §§ 9-1-14 and 9-1-19 (version prior to July 13, 2001). Consequently, we
do not rely on the district court's statute-of-limitations
rationale with respect to McManus's complaints about confiscation
of legal materials and personal property. However, as McManus has
not contended that he was unrepresented by counsel and has not
explained how the confiscation interfered with his access to the
courts, McManus's complaint fails to state a valid cause of action
for denial of access to the courts. See Cepulonis v. Fair, 732
F.2d 1, 6 (1st. Cir. 1984). Nor does his assertion state a claim
for a Fourth Amendment violation since he has not shown that
remedies are unavailable to him, either administratively or in the
state court. See Hudson v. Palmer, 468 U.S. 517, 522-30 (1984). 
The district court's judgment as to these claims is AFFIRMED on
these alternate grounds. See Olsen v. Correiro, 189 F.3d 52, 57-58
(1st Cir. 1999).

 McManus's remaining challenges on appeal also are
without merit. Rhode Island has not created a protected liberty
interest in its prison classification system. See Carillo v.
DuBois, 23 F.Supp.2d 103, 107 (D.Mass. 1998), vacated in part on
other grounds, 32 F.Supp.2d 35 (D.Mass. 1999). McManus's challenge
to his prison classification thus does not rise to a 
constitutional level. See Sandin v. Conner, 515 U.S. 472, 484
(1995); Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Nor has
McManus shown that the district court abused its discretion by
denying his motions to compel discovery of his medical records and
his motion to file an amended complaint to extend the time during
which he alleged he was subjected to an improper prison
classification. See Walton v. Nalco Chemical Co., 272 F.3d 13, 19
(1st Cir. 2001); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d
86, 91 (1st Cir. 1996).

 AFFIRMED.

4